

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. O-5847
Re: Responsibility of State
Department of Health under
Article 4442, R.C.S., con-
cerning boarding and shelter-
ing of infant children.

COPY

You have requested an opinion of this department
upon the above stated subject. We quote from your request
as follows:

"In an effort to determine the authority of
the State Department of Health as set forth in
Revised Civil Statutes 4442 concerning 'Infant
Children' in contrast to the authority of the
Child Welfare Division as defined in Revised Civil
Statutes Article 4442a, said Article 4442a now
transferred to the Division of Child Welfare by
Article 695a Section 8 of the Revised Civil Stat-
utes, I desire an opinion on the following ques-
tions:

"1. What is the responsibility of the State
Department of Health for the licensing of places
for the boarding or sheltering of infant children?
Article 4442, Maternity Home, Section 1.

"2. What is the legal definition and age
classification of infants?

"3. What types of homes, institutions, firms,
associations, cooperations or individuals fall
within this group? Article 4442, Maternity Home,
Section 1.

216

"4. Is the Child Welfare Division license for nurseries and child caring institutions as provided in Article 4442a, subject to a prior licensing for the care of infant children as provided in Article 4442 Maternity Home, the latter being the responsibility of the State Department of Health?

"The Division of Child Welfare has requested the State Health Officer to set up health and sanitary rules and regulations for all types of child care for which that division now issues a license.

"5. What rules and regulations does the State Department of Health have the authority to set up which can be enforced in this case? Article 4418d and the bill for reorganization of State Department of Health Section 8 - authority now vested in State Health Officer for setting up rules and regulations. A copy of the proposed rules and regulations is enclosed."

Article 4442, Vernon's Civil Statutes of Texas, reads in part:

"Every individual, firm, association, or corporation, owning, keeping, conducting or managing an institution or home for the boarding or sheltering of infant children, or so-called 'Baby Farm,' or any lying-in hospital, hospital ward, maternity home or other place for the reception, care and treatment of pregnant women, and charging a fee or receiving or expecting compensation in the way or room rent or board, shall obtain an annual license which shall be issued by the State Board of Health without fee, shall not be transferable to other persons or other premises, and shall expire on the thirty-first day of December next following the issuance. . . ."

Article 4442a, Vernon's Civil Statutes of Texas, reads in part:

Honorable George W. Cox, page 3

> "Every person, association or corporation,
> whether operating for charity or revenue, who shall
> own, conduct or manage a day nursery, children's
> boarding home, or child placing agency, or other
> place for the care or custody of children under
> fifteen years of age, or who shall solicit funds
> in this State for any such place or institution,
> shall obtain an annual license from the State
> Board of Health, which license shall be issued
> without fee, and under such reasonable and uni-
> form rules and regulations as said Board shall
> prescribe. . . ."

Section 8 of Article 695a, Vernon's Civil Statutes, of Texas, provides:

> "The licensing, visiting and inspection of
> all agencies required under Chapter 204, Page 444
> of the General and Special Laws of the Regular
> Session of the 41st Legislature 1929, now requir-
> ed by the State Board of Health, shall be and is
> hereby transferred to and made a part of the duties
> of the Division of Child Welfare of the State
> Board of Control."

The chapter referred to in the above section is codi-fied as Article 4442a of the Civil Statutes and Article 701a of the Penal Code.

From a reading of the above quoted articles it does appear that the State Board of Health and the Division of Child Welfare of the State Board of Control do have concurrent juris-diction in licensing institutions for the sheltering and board-ing of infant children. However, Section 8 of Chapter 204, p. 444 of the Acts of 1929, Regular Session, codified as Article 4442a, but which section is not set out in full in the codifica-tion, reads:

> "All laws and parts of laws in conflict here-
> with are hereby expressly repealed, except the pro-
> visions of Senate Bill No. 215, Chapter 76, General
> Laws of the Regular Session of the 37th Legislature,
> approved March 24, 1921, insofar as the same apply
> or relate to lying-in hospitals, hospital wards, ma-
> ternity homes, or other place for the reception,

care and treatment of pregnant women which are not affected by the provisions of this Act."

The chapter referred to in this section is Article 4442.

Thus, all of Article 4442 has been repealed except that portion which applies or relates to lying-in hospitals, hospital wards, maternity homes, or other places for the reception, care and treatment of pregnant women. Since section 8 of Article 695a has transferred the licensing, visiting and inspection of all agencies required under Article 4442a to the Division of Child Welfare, it is the opinion of this department that the State Board of Health has no responsibility under Article 4442 concerning the boarding or sheltering of infant children. This responsibility lies in the Division of Child Welfare.

The foregoing conclusion, insofar as this opinion is concerned, makes it unnecessary for us to answer questions two and four as they are moot.

From what has heretofore been stated, it follows that the types of homes, institutions, firms, associations, corporations or individuals within Article 4442 are those relating to lying-in hospitals, hospital wards, maternity homes, or other places for the reception, care and treatment of pregnant women.

Article 4418d, Vernon's Civil Statutes of Texas, reads in part:

"The State Health Officer . . . shall have the power, with the approval of the State Board of Health, to prescribe and promulgate such administrative rules and regulations, not inconsistent with any law of the State, as may be deemed necessary for the effective performance of the duties imposed by this or any other law upon the State Department of Health and its several officers and divisions."

Since the above article gives the State Health Officer only the power, with the approval of the Board, to prescribe rules and regulations necessary for the effective performance of his duties imposed upon him by law, we are of the opinion the State Department of Health has no authority to

prescribe rules and regulations for types of child care which the Division of Child Welfare issues a license. This conclusion is based on our opinion that no duty is imposed upon the State Board of Health to license, visit or inspect these institutions providing board and shelter of infant children.

We trust the foregoing fully answers your inquiries.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Robert O. Koch
Assistant

APPROVED MAR 1, 1944

ROK:db



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN